IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO DAWON WOODLEY,

    Plaintiff,

v.

                                     CIVIL ACTION NO.: CV609-089

EMANUEL COUNTY JAIL and
TYSON STEVENS, Sheriff,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at D. Ray James Detention Center in Folkston, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly

AO 72A
(Rev. 8/82)

identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was denied access to showers and his one hour recreation time, was given "unjust feedings," was not allowed to access the law library, and did not have a panic button in his cell. Plaintiff claims that his mail was tampered with and he was housed in an unsanitary cell. Plaintiff lists the Emanuel County Jail and Sheriff Tyson Stevens as Defendants.

Plaintiff's claims against the Emanuel County Jail should be dismissed. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

Plaintiff fails to set forth any factual allegations against Defendant Stevens. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations

that Defendant Stevens was involved with any of the events or circumstances described in Plaintiff's complaint. It appears that Plaintiff attempts to hold Defendant Stevens liable based solely on his supervisory position. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a cause of action.

**SO REPORTED** and **RECOMMENDED**, this 21st day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE